**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: _____17-24588_____ |
| Millicent Walters | Judge: _____ |
| Debtor(s) | |

## Chapter 13 Plan and Motions

☐ Original        ☒ Modified/Notice Required        Date: _____4/3/2018_____

☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___EJC___        Initial Debtor: ___MW___        Initial Co-Debtor: _____

$13,688 paid to date; then:

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____1,280_____ per _____month_____ to the Chapter 13 Trustee, starting on _____April 2018_____ ~~for approximately~~ _____ ~~months.~~ such that plan will last 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

2

**Part 2:    Adequate Protection** ☒ **NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE<br><br>DOMESTIC SUPPORT OBLIGATION<br><br>Daniel Replogle<br>Jenkins & Clayman | ADMINISTRATIVE<br><br><br><br><br><br>Attorney Fees<br>Attorney Fees | AS ALLOWED BY STATUTE<br><br><br><br><br><br>$1,300<br>$700 (subject to court approval and additional fee requests) |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:   Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Select Portfolio Servicing | 249 Grant Street Camden, NJ | $37,200 | N/A | $37,000 | Resume post-petition |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Select Portfolio Servicing | 251 Grand Street Camden, NJ | $24,175.35 | N/A | $24,175.35 | Resume post-petition |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

4

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Ally Capital - Vehicle loan paid outside plan by co-debtor Paul Walters. No payments by debtor or Chapter 13 Trustee.

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| WSFS a/k/a Specialized Loan Servicing, LLC | 251 Grand Avenue Camden, NJ | 7,804.17 |

**Part 5:    Unsecured Claims** ☐ NONE

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☐ Not less than $ _____ to be distributed *pro rata*

   ☒ Not less than _____0_____ percent

   ☐ *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases** ☒ NONE

   (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions** ☒ **NONE**

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |   |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|   |   |   |   |   |   |   |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8:    Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Jenkins & Clayman
3) Select Portfolio Servicing
4) Specialized Loan Servicing

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification**  ☐ **NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 2/13/2017                                          .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| 1. Select Portfolio Servicing has filed paid pre-petition taxes owed on real estate.<br><br>2. There is no non-exempt equity in real estate. | 1. Confirm balance due to Select Portfolio Servicing for arrears<br>2. Pay Specialized Loan Servicing in full<br>3. 0% plan<br>4. Remove payments to City of Camden |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 4/3/2018                            /s/ Eric J Clayman
                                          Attorney for the Debtor

Date: 4/3/2018                            /s/ Millicent Walters
                                          Debtor

Date: _____             /s/ _____
                                          Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 4/3/2018                 /s/ Eric J Clayman
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 4/3/2018                 /s/ Millicent Walters
Debtor

Date:                 /s/
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-24588-JNP
Millicent Walters                                                       Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1            User: admin              Page 1 of 2              Date Rcvd: Apr 06, 2018
                                Form ID: pdf901          Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 08, 2018.
```
db              Millicent Walters,    249 Grand Ave,    Camden, NJ  08105-2151
516950535       CCMUA,    PO Box 1105,    Bellmawr, NJ  08099-5105
516950534       Capital One,    PO Box 71083,    Charlotte, NC  28272-1083
517036270       Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
516950536       City of Camden,    PO Box 52747,    Phoenix, AZ  85072-2747
516950537       Credit One,   Credit,    1 Bank,   City of Industry, CA  91716-0500
516950538       First Bank Card,    PO Box 2951,    Omaha, NE  68103-2951
516966364      +First National Bank of Omaha,    1620 Dodge Street, Stop code 3105,    Omaha, NE 68197-0002
516950539       HFC,    PO Box 5233,    Carol Stream, IL  60197-5233
516950540       New Jersey American Water Company,    PO Box 371331,    Pittsburgh, PA  15250-7331
516950541       One Main Lending,    1 Main Financial,    Louisville, KY  40290-1122
517119701      +PNC Bank, N.A.,    PO Box 94982,    Cleveland, OH 44101-4982
516950542       PSE&G,    PO Box 14444,    New Brunswick, NJ  08906-4444
516950543       SLS,    3742 Lucent Blvd Ste 300,    Highlands Ranch, CO  80126
516950544       Terminex,    Terminex Processing Center,    PO Box 742592,    Cincinnati, OH  45274-2592
516950545       Verizon,    PO Box 15124,    Albany, NY  12212-5124
517058801      +Wilmington Savings Fund Society,,    FSB Trustee(See410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 06 2018 22:45:35      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 06 2018 22:45:32      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517071986       E-mail/Text: ally@ebn.phinsolutions.com Apr 06 2018 22:44:48      Ally Capital,   PO Box 130424,
                 Roseville MN 55113-0004
517089107       E-mail/PDF: resurgentbknotifications@resurgent.com Apr 06 2018 22:49:06
                 LVNV Funding, LLC its successors and assigns as,    assignee of FNBM, LLC,
                 Resurgent Capital Services,   PO Box 10587,    Greenville, SC 29603-0587
516996187       E-mail/PDF: cbp@onemainfinancial.com Apr 06 2018 22:49:30      ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
517078619       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 06 2018 22:49:04
                 Portfolio Recovery Associates, LLC,    POB 41067,   Norfolk, VA 23541
517078620       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 06 2018 22:49:04
                 Portfolio Recovery Associates, LLC,    POB 41067,   Norfolk, VA 23541,
                 Portfolio Recovery Associates, LLC,    POB 41067,   Norfolk, VA 23541
517284204      +E-mail/Text: bankruptcy@pseg.com Apr 06 2018 22:44:48      PSE@G Attn: Bankruptcy Dept,
                 PO Box 490,   Cranford, NJ 07016-0490
517178549       E-mail/Text: jennifer.chacon@spservicing.com Apr 06 2018 22:46:37
                 U.S. Bank National Association,   c/o Select Portfolio Servicing, Inc.,   P.O. Box 65250,
                 Salt Lake City, UT 84165-0250
517181228       E-mail/Text: jennifer.chacon@spservicing.com Apr 06 2018 22:46:37
                 U.S. Bank National Association, et al,   c/o Select Portfolio Servicing, Inc.,
                 P.O. Box 65250,   Salt Lake City, UT 84165-0250
516950545       E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 06 2018 22:44:47
                 Verizon,   PO Box 15124,   Albany, NY  12212-5124
                                                                                              TOTAL: 11
```

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 08, 2018                                      Signature:   /s/Joseph Speetjens

```
District/off: 0312-1          User: admin              Page 2 of 2                  Date Rcvd: Apr 06, 2018
                              Form ID: pdf901          Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 3, 2018 at the address(es) listed below:

```
          Andrew M. Lubin    on behalf of Creditor    Select Portfolio Servicing, Inc. as servicing agent for
           U.S. Bank National Association, as indenture trustee bkecf@milsteadlaw.com,
           alubin@milsteadlaw.com
          Andrew M. Lubin    on behalf of Creditor    U.S. Bank National Association, as indenture trustee,
           for the holders of the CIM Trust 2017-3, Mortgage-Backed Notes, Series 2017-3
           bkecf@milsteadlaw.com, alubin@milsteadlaw.com
          Daniel M. Replogle, III    on behalf of Creditor    U.S. Bank National Association, as indenture
           trustee, for the holders of the CIM Trust 2017-3, Mortgage-Backed Notes, Series 2017-3
           dmreplogleesq@netscape.net
          Daniel M. Replogle, III    on behalf of Debtor Millicent  Walters dmreplogleesq@netscape.net
          Daniel M. Replogle, III    on behalf of Trustee Isabel C. Balboa dmreplogleesq@netscape.net
          Daniel M. Replogle, III    on behalf of U.S. Trustee    U.S. Trustee dmreplogleesq@netscape.net
          Denise E. Carlon    on behalf of Creditor    U.S. Bank National Association, as indenture trustee,
           for the holders of the CIM Trust 2017-3, Mortgage-Backed Notes, Series 2017-3
           dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Eric  Clayman    on behalf of Debtor Millicent  Walters jenkins.clayman@verizon.net
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 11
```